IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LESTER JEROME SELMON**                                              **PETITIONER**

**V.**                                                       **CIVIL ACTION NO.: 4:18CV133-MPM-RP**

**PELICIA HALL**                                                        **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal.

### I
### Background

Lester Selmon, an inmate currently in the custody of the Mississippi Department of Corrections who is proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254[1], challenging his incarceration as a result of the 2011 rape and burglary convictions and sentences that he received in the Circuit Court of Jackson County[2], Mississippi.

On July 13, 2018, the Court entered an order requiring Selmon to show cause why this action should not be dismissed as unexhausted and/or as untimely. Doc. #6. Selmon was additionally ordered to complete a § 2254 form and remit the application to the Court within twenty-one days. *Id*. On July 30, 2018, Selmon responded to the show cause order, stating that he filed the instant action "asking to be given credit for the 7 months they held me in prison for

---

[1] Selmon filed an action under 42 U.S.C. § 1983. However, because he alleges unlawful detainment and seeks release from prison, the proper vehicle for pursing his claims is 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[2] The Court notes that Jackson County is the judicial district for the Southern District of Mississippi. However, because Selmon is housed at the Mississippi State Penitentiary in Sunflower County, which in this judicial district, this Court has jurisdiction to consider the instant petition. *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.").

Jackson County, when I should have remained free, and also to be given credit for the 431 days they took." Doc. #8 at 2. To date, Selmon has failed to submit a completed § 2254 form.

## II
## Discussion

Selmon has failed to comply with the Court's prior order, as he has not shown cause why the instant petition is not time barred under 28 U.S.C. § 2244(d) and/or unexhausted under 28 U.S.C. § 2254(b)(1) and (c). That is, he has not alleged that he has presented his federal claims to the Mississippi Supreme Court, or that his federal petition was timely filed within the one-year limitation period. Additionally, Selmon failed to comply with the order by failing to submit a completed § 2254 form to the Court, rendering this action subject to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

## III
## Conclusion

For the reasons set forth above, the Court **ORDERS** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this the 6th day of August, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE